```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        JACKSONVILLE DIVISION
```

ALLEN MELTON, JR.,

                Petitioner,

v.                                   Case No. 3:13-cv-254-J-34JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

                Respondents.
_____

**ORDER**

**I. Status**

Petitioner Allen Melton, Jr., while an inmate of the Florida penal system,[1] initiated this action on February 27, 2013, pursuant to the mailbox rule, by filing a pro se Petition for Writ of Habeas Corpus (Petition; Doc. 1) under 28 U.S.C. § 2254 and a Memorandum of Law in Support of Petition for Writ of Habeas Corpus (Memorandum; Doc. 2). In the Petition, Melton challenges a 2010 state court (Nassau County, Florida) judgment of conviction for sale or delivery of cocaine. Respondents have submitted a memorandum in opposition to the Petition. See Respondents' Amended Answer in Response to Order to Show Cause and Petition for Writ of Habeas Corpus (Amended Response; Doc. 24) with exhibits (Resp. Ex.). On September 24, 2013, the Court entered an Order to Show

---

[1] According to the Florida Department of Corrections website, see http://www.dc.state.fl.us/InmateReleases, Melton was released on September 2, 2014.

Cause and Notice to Petitioner (Doc. 8), admonishing Melton regarding his obligations and giving Melton a time frame in which to submit a reply. Melton neither submitted a reply to the Amended Response nor requested additional time to do so. This case is ripe for review.

## II. Procedural History

On June 21, 2010, in Case No. 2010-CF-549, the State of Florida charged Melton with sale or delivery of cocaine. Resp. Ex. C, Information. In October 2010, Melton proceeded to trial, see Resp. Ex. H, Transcript of the Jury Trial (Tr.), at the conclusion of which, on October 18, 2010, a jury found him guilty of sale or delivery of cocaine, as charged. Id. at 161; Resp. Ex. E, Verdict.[2] On October 21, 2010, the court sentenced Melton to a term of imprisonment of five years, such term to run concurrently with a five-year term of imprisonment imposed in Case No. 2010-CF-548. Resp. Ex. G, Judgment; O, Transcript of the Sentencing Proceeding (Sentencing Tr.), at 19-28. Melton did not appeal.

On March 4, 2011, Melton filed a pro se motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 (Rule 3.850 motion). Resp. Ex. O at 1-11. In his request for

---

[2] On October 21, 2010, Melton pled guilty to sale or delivery of cocaine in Case No. 2010-CF-548 and waived his right to a direct appeal in Case No. 2010-CF-549 in exchange for the State entering a nolle prosequi in Case No. 2010-CF-547. See Resp. Exs. F, Plea of Guilty and Negotiated Sentence, dated October 21, 2010; O at 19-28.

post-conviction relief, Melton asserted that counsel was ineffective because he failed to investigate and: obtain copies of the police report, arrest warrant and probable cause affidavit (ground one); call witnesses (ground two); and discover if the confidential informant (CI) had a prior criminal history (ground three). Additionally, Melton asserted that counsel misadvised him during pretrial preparation (ground one). On March 21, 2011, the court denied his Rule 3.850 motion. Id. at 12.

On August 15, 2011, Melton filed a pro se petition for writ of habeas corpus for belated appeal. Resp. Ex. I. The appellate court construing the filing as a petition seeking belated appeal, see Resp. Ex. J, directed the State to show cause why the petition should not be granted, see Resp. Ex. K. The State filed a response to the order to show cause. Resp. Ex. L. On November 22, 2011, the appellate court per curiam granted Melton's petition seeking a belated appeal. See Melton v. State, 75 So.3d 365 (Fla. 1st DCA 2011); Resp. Ex. M. The mandate issued on December 9, 2011. Resp. Ex. N. On appeal, Melton filed a pro se appellate brief on June 4, 2012, see Resp. Ex. P, and the State filed a notice that it did not intend to file an answer brief, see Resp. Ex. Q. On October 11, 2012, the appellate court affirmed the trial court's denial per curiam without issuing a written opinion, see Melton v. State, 98 So.3d 572 (Fla. 1st DCA 2012); Resp. Ex. R, and the mandate issued on November 6, 2012, see Resp. Ex. S.

3

### III. One-Year Limitations Period

The Petition appears to be timely filed within the one-year limitations period. See 28 U.S.C. § 2244(d).

### IV. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

### V. Standard of Review

The Court will analyze Melton's claims under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Section 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State

> court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Thus, 28 U.S.C. § 2254(d) "bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 562 U.S. 86, 98 (2011). As the United States Supreme Court stated, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt v. Titlow, 134 S.Ct. 10, 16 (2013). This standard of review is described as follows:

> Under AEDPA, when the state court has adjudicated the petitioner's claim on the merits, a federal court may not grant habeas relief unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. § 2254(d)(2). "Under § 2254(d)(1)'s 'contrary to' clause, we grant relief only 'if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case

5

differently than [the Supreme Court] has on a set of materially indistinguishable facts.'" Jones v. GDCP Warden, 753 F.3d 1171, 1182 (11th Cir. 2014) (quoting Williams v. Taylor, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). "Under § 2254(d)(1)'s 'unreasonable application' clause, we grant relief only 'if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Id. (quoting Williams, 529 U.S. at 413, 120 S.Ct. 1495).

For § 2254(d), clearly established federal law includes only the holdings of the Supreme Court – not Supreme Court dicta, nor the opinions of this Court. White v. Woodall,- U.S. -, 134 S.Ct. 1697, 1702, 188 L.Ed.2d 698 (2014). To clear the § 2254(d) hurdle, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 131 S.Ct. 770, 786-87, 178 L.Ed.2d 624 (2011). "[A]n 'unreasonable application of' [Supreme Court] holdings must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." Woodall, 134 S.Ct. at 1702 (quoting Lockyer v. Andrade, 538 U.S. 63, 75-76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)). A state court need not cite or even be aware of Supreme Court cases "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002); accord Richter, 131 S.Ct. at 784.

"AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773, 130 S.Ct. 1855, 176 L.Ed.2d 678 (2010) (citations and internal quotation marks omitted). And when a claim

6

> implicates both AEDPA and Strickland, our review is doubly deferential. Richter, 131 S.Ct. at 788 ("The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." (citations and internal quotation marks omitted)). [A petitioner] must establish that no fairminded jurist would have reached the Florida court's conclusion. See Richter, 131 S.Ct. at 786-87; Holsey v. Warden, Ga. Diagnostic Prison, 694 F.3d 1230, 1257-58 (11th Cir. 2012). "If this standard is difficult to meet, that is because it was meant to be." Richter, 131 S.Ct. at 786....

Taylor v. Sec'y, Fla. Dep't of Corr., 760 F.3d 1284, 1293-94 (11th Cir. 2014), cert. denied, 135 S.Ct. 2323 (2015); see also Hittson v. GDCP Warden, 759 F.3d 1210, 1230 (11th Cir. 2014), cert. denied, 135 S.Ct. 2126 (2015).

For a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Hittson, 759 F.3d at 1232 ("[T]here is no AEDPA requirement that a state court explain its reasons for rejecting a claim[.]"); Richter, 562 U.S. at 100 (holding and reconfirming that "§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits'"); Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002). Thus, to the extent that Melton's

7

claims were adjudicated on the merits in the state courts, they must be evaluated under § 2254(d).

## VI. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citing Wiggins v. Smith, 539 U.S. 510, 521 (2003), and Strickland v. Washington, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [Strickland,] 466 U.S. at 688, 104 S.Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. Id., at 689, 104 S.Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id., at 687, 104 S.Ct. 2052.
>
> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at 694, 104 S.Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Id., at 693, 104 S.Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial

8

>    whose result is reliable." Id., at 687, 104 S.Ct. 2052.

Richter, 562 U.S. at 104. The Eleventh Circuit has recognized "the absence of any iron-clad rule requiring a court to tackle one prong of the Strickland test before the other." Ward v. Hall, 592 F.3d at 1163. Since both prongs of the two-part Strickland test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Id. (citing Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)). As stated in Strickland: "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

A state court's adjudication of an ineffectiveness claim is accorded great deference.

> "[T]he standard for judging counsel's representation is a most deferential one." Richter, - U.S. at -, 131 S.Ct. at 788. But "[e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." Id. (citations and quotation marks omitted). "The question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable – a substantially higher threshold." Knowles v. Mirzayance, 556 U.S. 111, 123, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009) (quotation marks omitted). If there is "any reasonable argument that counsel satisfied Strickland's

> deferential standard," then a federal court
> may not disturb a state-court decision denying
> the claim. <u>Richter</u>, - U.S. at -, 131 S.Ct. at
> 788.

<u>Hittson</u>, 759 F.3d at 1248; <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123 (2009). "In addition to the deference to counsel's performance mandated by <u>Strickland</u>, the AEDPA adds another layer of deference--this one to a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision." <u>Rutherford v. Crosby</u>, 385 F.3d 1300, 1309 (11th Cir. 2004). As such, "[s]urmounting Strickland's high bar is never an easy task." <u>Padilla v. Kentucky</u>, 559 U.S. 356, 371 (2010).

## **VII. Findings of Fact and Conclusions of Law**

### **A. Ground One**

As ground one, Melton asserts that counsel (Thomas Eugene Townsend, Jr.) was ineffective because he "misled him into believing" that he would thoroughly investigate the case and provide him with copies of the police report, arrest warrant, and the probable cause affidavit. Petition at 7; Memorandum at 4. Melton raised the ineffectiveness claim in his Rule 3.850 motion, as ground one, in state court, <u>see</u> Resp. Ex. O at 5-6, and the post-conviction court denied the Rule 3.850 motion with respect to this claim, <u>see</u> <u>id.</u> at 12. On Melton's appeal, the appellate court affirmed the trial court's denial per curiam. See <u>Melton</u>, 98 So.3d 572; Resp. Ex. R.

10

Given the record in the instant action, the appellate court may have affirmed the denial of Melton's motion for post-conviction relief on the merits. If the appellate court addressed the merits, Melton would not be entitled to relief because the state courts' adjudications of this claim are entitled to deference under AEDPA. After a review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor were the state court adjudications based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Melton is not entitled to relief on the basis of this claim.

Moreover, even assuming that the appellate court did not affirm the denial of the post-conviction motion on the merits or that the state courts' adjudications of the claim are not entitled to deference under AEDPA, Melton's ineffectiveness claim is still without merit. The record supports the trial court's conclusion. In evaluating the performance prong of the Strickland ineffectiveness inquiry, there is a strong presumption in favor of competence. See Anderson v. Sec'y, Fla. Dep't of Corr., 752 F.3d 881, 904 (11th Cir. 2014), cert. denied, 135 S.Ct. 1483 (2015). The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent

assistance." <u>Strickland</u>, 466 U.S. at 690. "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" <u>Rompilla v. Beard</u>, 545 U.S. 374, 381 (2005). Thus, Melton must establish that no competent attorney would have taken the action that counsel, here, chose.

Moreover, the test for ineffectiveness is neither whether counsel could have done more nor whether the best criminal defense attorneys might have done more; in retrospect, one may always identify shortcomings. <u>Waters v. Thomas</u>, 46 F.3d 1506, 1514 (11th Cir. 1995) (stating that "perfection is not the standard of effective assistance") (quotations omitted). Instead, the test is whether what counsel did was within the wide range of reasonable professional assistance. <u>Ward v. Hall</u>, 592 F.3d at 1164 (quotations and citation omitted); <u>Dingle v. Sec'y for Dep't of Corr.</u>, 480 F.3d 1092, 1099 (11th Cir. 2007) ("The question is whether some reasonable lawyer at the trial could have acted as defense counsel acted in the trial at issue and not what 'most good lawyers' would have done.") (citation omitted).

On this record, Melton has failed to carry his burden of showing that his counsel's representation fell outside that range of reasonably professional assistance. According to the Arrest and Booking Report, members of the Nassau County Narcotics Unit conducted a controlled purchase of cocaine on May 12, 2010, using

12

a CI. <u>See</u> Resp. Ex. A. Nassau County detectives provided the CI with forty dollars of investigative funds to complete the controlled purchase and equipped him with an audiovisual recording device to capture the transaction. <u>See</u> <u>id.</u> The CI gave money to Melton in exchange for approximately three grams of a white waxy substance, which field tested positive for cocaine. <u>See</u> <u>id.</u> The videotape captured the transaction. <u>See</u> <u>id.</u> At trial, counsel cross-examined the State's witnesses, including the CI, <u>see</u> Tr. at 87-103, 114-25, and argued that the State had not met its burden of proof, <u>see</u> <u>id.</u> at 126, 144. Upon the Court's inquiry, Melton affirmed that he did not want to testify on his own behalf and did not have any witnesses or evidence to present to the jury. <u>Id.</u> at 129.

Even assuming arguendo deficient performance by defense counsel, Melton has not shown any resulting prejudice. He has not shown that a reasonable probability exists that the outcome of the case would have been different if counsel had investigated his case differently or more thoroughly or if he had provided Melton with copies of the police report, arrest warrant, and the probable cause affidavit. Melton's ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice. Accordingly, Melton is not entitled to federal habeas relief on ground one.

13

### B. Ground Two

As ground two, Melton asserts that counsel was ineffective because he failed to investigate, interview and call Deputy Ernest Cole as a witness at trial. See Petition at 9-11; Memorandum at 8-10. Melton raised the ineffectiveness claim in his Rule 3.850 motion, as ground two, in state court, see Resp. Ex. O at 6-7, the post-conviction court denied the Rule 3.850 motion with respect to this claim, see id. at 12, and the appellate court affirmed the denial.

Assuming the appellate court affirmed the denial on the merits, there are qualifying state court decisions. Thus, the Court considers the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Melton is not entitled to relief on the basis of this claim.

Moreover, even assuming that the appellate court did not affirm the denial of the post-conviction motion on the merits or that the state courts' adjudications of this claim are not entitled to deference under AEDPA, Melton's ineffectiveness claim,

14

nevertheless, is without merit. The record fully supports the trial court's conclusion. On this record, Melton has failed to carry his burden of showing that his counsel's representation fell outside that range of reasonably professional assistance. Indeed, at trial, Melton affirmed that he neither had any additional witnesses nor evidence to present to the jury. See Tr. at 129. Moreover, at sentencing, Melton affirmed that he was fully satisfied with Mr. Townsend's representation. See Sentencing Tr. at 23.

As the Eleventh Circuit has recognized, "[t]here is much wisdom for trial lawyers in the adage about leaving well enough alone." Waters, 46 F.3d at 1512. Counsel's decision as to "[w]hich witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that [the court] will seldom, if ever, second guess." Id.; Chandler v. United States, 218 F.3d 1305, 1314 n.14 (11th Cir. 2000) (describing the decision to call some witnesses and not others as "the epitome of a strategic decision" (quotation marks and citation omitted)). Moreover, "evidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." United States v. Ashimi, 932 F.2d 643, 650 (7th Cir. 1991).

15

Even assuming arguendo deficient performance by defense counsel, Melton has not shown prejudice. He has not shown that a reasonable probability exists that the outcome of the case would have been different if counsel had investigated and called Deputy Cole as a witness at trial. Melton's ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice. Accordingly, Melton is not entitled to federal habeas relief on ground two.

### **C. Ground Three**

As ground three, Melton asserts that counsel was ineffective because he failed to investigate the CI's background and impeach his credibility. See Petition at 13-14; Memorandum at 11-13. Melton raised the ineffectiveness claim in his Rule 3.850 motion, as ground three, in state court, see Resp. Ex. O at 7-8, and the post-conviction court denied the Rule 3.850 motion with respect to this claim, see id. at 12. On appeal, the appellate court affirmed the denial per curiam.

Assuming the appellate court affirmed the denial on the merits, the Court considers this claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal

16

law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Melton is not entitled to relief on the basis of this claim.

Even assuming that the appellate court did not affirm the denial of the Rule 3.850 motion on the merits or that the state courts' adjudications of this claim are not entitled to deference under AEDPA, Melton's claim is still without merit. The trial court correctly concluded, based on the record in the instant case, that counsel's performance was within the wide range of professionally competent assistance. At trial, counsel cross-examined the CI about his agreement with law enforcement to work undercover. See Tr. at 114-25. Moreover, Melton has not shown prejudice. Thus, Melton's ineffectiveness claim fails because he has shown neither deficient performance nor resulting prejudice. Accordingly, Melton is not entitled to federal habeas relief on ground three.

### VIII. Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Melton seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Melton "must demonstrate that reasonable jurists would find the district court's assessment of the

17

constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. If Melton appeals the denial of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of March, 2016.

MARCIA MORALES HOWARD
United States District Judge

sc 3/3
c:
Allen Melton, Jr.
Counsel of Record